IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DORIS TURNAGE                                                                                   PLAINTIFF

vs.                                                                              No. 3:04CV170-D-A

RELIANCE STANDARD LIFE
INSURANCE COMPANY                                                                                DEFENDANT

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendant's motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

The Plaintiff began employment as a seamstress with the non-party National Filter Media Corporation (NFMC) on December 22, 1997. She subsequently, on May 1, 2001, became insured under a long-term disability insurance benefit plan offered by NFMC to its employees pursuant to the Employee Retirement and Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) (ERISA). The Defendant Reliance Standard Life Insurance Company was the insurer of the long-term disability portion of the plan. The plan had various claims provisions describing the procedure claimants must utilize in seeking benefits; among those provisions was the following Notice of Claim requirement:

> **WRITTEN PROOF OF TOTAL DISABILITY:** For any Total Disability covered by this Policy, written proof must be sent to us within ninety (90) days after the Total Disability occurs. If written proof is not given in that time, the claim will not be invalidated or reduced if it is shown that written proof was given as soon as was reasonably possible. In any event, proof must be given within one (1) year after the Total Disability occurs, unless the Claimant is legally incapable of doing so.

The Plaintiff stopped working for NFMC on January 18, 2002, and was then terminated on April 4, 2002, for failing to submit medical certification of her need for FMLA leave. The Plaintiff

then, on July 14, 2003, over one year from her claimed date of total disability of January 25, 2002, submitted a claim form to the Defendant seeking long-term disability benefits under the NFMC policy. The Defendant denied the Plaintiff's claim on October 24, 2003, on two grounds: (1) that the claim was untimely pursuant to the terms of the policy; and (2) that inadequate medical documentation had been submitted in support of the claim. The Plaintiff appealed this denial and was unsuccessful. Thereafter, on September 13, 2004, the Plaintiff filed suit in this court pursuant to ERISA. The parties have now each separately moved for summary judgment.

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

In ERISA cases such as this one in which the district court is to review a plan administrator's benefit determination, the court reviews the administrator's decision under an "abuse of discretion" standard. Vercher v. Alexander & Alexander Inc., 379 F.3d 222, 226 (5th Cir. 2004). In addition, the court's review is limited to the evidence that was considered at the time the decision to deny benefits was made; no proof outside this Administrative Record may be considered by the court in ERISA cases, except in limited circumstances not present in this case. Vega v. National Life Ins. Services, Inc., 188 F.3d 287, 299 (5th Cir. 1999).

## C. Discussion

As noted above, the court is tasked with reviewing the Defendant's decision for an abuse of discretion. Vercher, 379 F.3d at 226. Courts in the Fifth Circuit conduct this review using a two-part test: first, the court is to determine whether the interpretation of the plan is legally correct; if it is not, the court then determines whether the decision was an abuse of discretion. Gosselink v. American Tel. & Tel., Inc., 272 F.3d 722, 726 (5th Cir. 2001). In determining whether the interpretation is legally correct, courts consider three factors:

(1) whether the plan fiduciary has given the plan a uniform construction;

(2) whether the interpretation is consistent with a fair reading of the plan; and

(3) any unanticipated costs resulting from a different interpretation of the plan.

Gosselink, 272 F.3d at 726. The second factor is the most important of the three. Id. at 727.

Here, the court finds that the Defendant's decision was legally correct and thus was not an abuse of discretion. Under a plain reading of the plan's terms, in order for a claimant, such as the Plaintiff, to receive benefits for total disability, proof of disability must be submitted to the insurer within one year of the date the claimant claims he or she became disabled, unless the claimant is legally incapable of doing so. The Plaintiff in this case did not submit her claim until eighteen months after the date she claims she became disabled (the Plaintiff claims she became disabled on January 25, 2002; the Defendant insurer was not notified of her claim until July 14, 2003), some six months beyond the deadline. Thus, unless the Plaintiff was legally incapable of informing the insurer of her disability within the one-year period after January 25, 2002, the plain terms of the plan require her claim to be denied. There is no evidence in the Administrative Record that the Plaintiff was legally incapable of submitting her claim to the insurer in a timely fashion. Accordingly, the court finds that the Defendant's decision to deny long-term disability benefits to the Plaintiff was a fair reading of the plan, was legally correct, and was not an abuse of discretion; thus, the court finds that the Defendant is entitled to judgment as a matter of law. The Defendant's motion for summary judgment, therefore, shall be granted and the Plaintiff's claims dismissed.

A separate order in accordance with this opinion shall issue this day.

This the 23 day of May 2006.

/s/ Glen H. Davidson
Chief Judge